Michael C. Robinson, Jr., Esq. (SBN 120308)
Orion S. Robinson, Esq. (SBN 293796)
**ROBINSON DI LANDO**
**A Professional Law Corporation**
801 S. Grand Ave., Suite 500
Los Angeles, California 90017
Telephone: (213) 229-0100
Facsimile: (213) 229-0114
Email: mrobinson@rdwlaw.com;
orobinson@rdwlaw.com;

Attorneys for Plaintiff
RONISHA L. HAYES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

RONISHA L. HAYES, an individual, on behalf of herself and all similarly situated employees,

Plaintiff

-vs.-

CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,

Defendants

Case No. 5:26-cv-02121-AB (DTBx)

Crtrm.: 7B
Judge: Hon. Andre Birotte Jr.

**FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

1. Failure to Pay Overtime Wages;
2. Failure to Pay Minimum Wages;
3. Failure to Provide Meal Periods or Compensation In Lieu Thereof;
4. Failure to Provide Rest Periods or Compensation In Lieu Thereof;
5. Failure To Pay Due Wages At Termination;
6. Failure to Furnish Accurate Wage Statements;
7. Unfair Competition;
8. Civil Penalties Under Labor Code Section 2699, et seq. (PAGA)

**JURY TRIAL DEMANDED**

COMES NOW plaintiff RONISHA L. HAYES ("Plaintiff"), on behalf of herself and all other employees similarly situated in the state of California (collectively referred to as "Plaintiffs"), allege as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all other California current and former similarly situated employees employed by or formerly employed by defendants CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, a Delaware limited liability company and DOES 1 through 100, as further defined below, (collectively "Defendants"). Plaintiff alleges as follows:

2. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a policy or practice of failing to pay overtime wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and similarly situated employees routinely working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days on a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock (including directing employees to clock out and continue working, among other violations); failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying overtime hours at the improper rate(s) of pay and/or recharacterizingovertime hours worked to appear that they worked at a different time or pay period; by failing to pay for reporting time pay; and/or by manipulating or editing time records to show lesser hours than actually worked during the pay period, to the detriment of Plaintiff and other

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

similarly situated employees. Plaintiffs were also not properly paid sick time pay.

3. For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have had a policy or practice of failing to pay minimum wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, among other things, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock; failing to pay for reporting time pay; and/or by manipulating or editing time records to show lesser hours than actually worked during the pay period, to the detriment of Plaintiff and other similarly situated employees.

4. For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have had a policy or practice of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which employees worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws. Defendants failed to provide timely meal periods to Plaintiff and other similarly situated employees or former employees.

5. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a policy or practice of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

6. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have failed to pay Plaintiff and other similarly situated

employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202 as a result of their failure to pay overtime wages as herein mentioned.

7. For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have had a policy or practice of failing to furnish Plaintiff and similarly situated employees within the State of California with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate;
the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

8. Plaintiff, on behalf of herself and all other similarly situated employees, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 246, 350, 351, 510, 512, 558.1, 1194, 1194.2, 1197, 1197.1, 1198.5, 2802, and California Code of Regulations, Title 8, section 11050, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, penalties, other such provisions of California law, and reasonable attorneys' fees and costs. Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

///

///

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## PARTIES

A. Plaintiff

9. Plaintiff RONISHA L. HAYES is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as a non-exempt hourly employee performing duties as a customer service representative starting on or January 21, 2025 through September 24, 2025.

At all times mentioned herein, Plaintiff performed her duties in a satisfactory manner during his employment with Defendants. During Plaintiff's employment, she was not permitted to take timely lunches in compliance with the Labor Code due to the heavy workload. Furthermore, Plaintiff's lunches were often interrupted due to the company being understaffed with a high volume of work. Moroever, Plaintiff was not always permitted to take two ten minute rest breaks during her shifts. Plaintiff also believes she was not paid for all hours worked.

B. Defendants

10. Plaintiff is informed and believes and based thereon alleges that defendant CEMEX CONSTRUCTION MATERIALS PACIFIC LLC ("CEMEX"), at all times relevant hereto was, a Delaware limited liability company doing business in the County of San Bernardino, State of California. CEMEX's principal place of business is located in the County of San Bernardino, State of California.

## JOINT LIABILITY ALLEGATIONS

11. Plaintiff is informed and believes and based thereon alleges that the named defendant and DOES 1- 100 (collectively, "Defendants") employed Plaintiff and similarly situated employees within the relevant statutory period, by, among other things, exercising control over their wages, hours and/or working conditions.

12. Plaintiff is further informed and believes and based thereon alleges that defendants' owners and managing agents, violated, or caused to be violated, the

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

13. Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

14. All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the

said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

Based on information and belief, all named defendants are owned and operated by the same individuals, with the same policies and procedures, and excercised control over the wages, hours, and working conditions of Plaintiff and all similarly situated hourly employees at the various business establishments throughout California so as to create a joint employer relationship.

15. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sue defendants by such fictitious names under

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

16. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each joint defendant are legally attributable to the other defendants.

17. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

18. Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of the named Defendants, and DOES 1 through 30, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with DOES 31 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

a. The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants, or some of them, who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

b. The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

c. Plaintiffs are informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

d. Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

e. The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the California Government Code, Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff, and all other similarly situated employees, herein;

f. Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

g. As a result of the aforementioned facts, among others, Plaintiffs are informed and believes, and based thereon alleges that the Individual Defendants, the Alter Ego Defendants, and each of them, are joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of the Alter Ego Defendants and the Individual Defendants. Plaintiff performed services for each and every defendant, and

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

to the mutual benefit of all defendants, and all defendants shared control of Plaintiff and all other similarly situated employees, either directly or indirectly, and in the manner in which defendants' business was and is conducted.

19. As such, Defendants, and each of them, are either solely, and/or jointly and severally, liable for the damages alleged in Plaintiff's operative complaint.

**JURISDICTION**

20. Federal jurisdiction exists based on the diversity of citizenship of the parties.

21. Venue is proper in the Central District of California, Eastern Division because Defendants committed the wrongful conduct herein alleged in San Bernardino County.

**FACTUAL BACKGROUND**

22. Plaintiff and other similarly situated employees have not been paid, during the relevant liability periods, wages for all time worked, including overtime wages, as a result of, including but not limited to, failing to pay overtime wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and similarly situated employees working over eight (8) hours per day, forty (40) hours per week or seven (7) consecutive work days in a work week without being properly compensated for the hours worked in excess of (8) hours per day, forty (40) hours per week, or seven (7) consecutive work days in a workweek at the proper overtime rate of pay.

23. Specifically, among other things, Defendants had a policy or practice of failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock (including by requiring employees to work after clocking out and offsite work); failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying overtime hours at the improper rate(s) of pay and/or recharacterizing overtime hours worked to appear that they worked at a different time or pay period; by failing to pay for reporting time pay;

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

and/or by manipulating or editing time records to show lesser hours than actually worked during the pay period.

24. Plaintiff and other similarly situated employees have not been paid during the relevant liability periods, minimum wages for all regular hours worked, as a result of, among other things, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock; failing to pay for reporting time pay; and/or by manipulating or editing time records to show lesser hours than actually worked during the pay period.

25. Defendants have had a consistent policy or practice of failing during the relevant liability periods, Plaintiff and similarly situated employees or former employees within the State of California a thirty (30) minute, uninterrupted, and timely meal period for days on which the employees worked more than five (5) hours in a workday; a second thirty (30) minute, uninterrupted, and timely meal periods for days on which employees worked in excess of ten (10) hours in a workday; and/or compensation for such unprovided meal periods as required by California wage and hour laws.

26. Defendants have had a consistent policy or practice of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

27. At the time Plaintiff's employment and the employment of other former employees of Defendants ended, Defendants willfully failed to pay overtime and minimum wages at the proper rate and failed to pay one hour of wages in lieu of each non-compliant meal and/or rest period, among other things.

28. Defendants have failed to comply with Labor Code section 226, subdivision (a) by not providing itemized wage statements accurately showing, including but not limited to, gross wages earned; total hours worked; net wages earned; all applicable

hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the legal name and address of the employer; and other such information as required by Labor Code section 226, subdivision (a).

29. Defendants have failed, during the relevant liability periods, to comply with Labor Code section 226, subdivision (c) by failing to, upon written request to inspect or receive copies of records pursuant to Labor Code section 226, subdivision (b), pertaining to a current or former employee, complying with the request within 21 days from the date thereof, in connection with Plaintiff and all others similarly situated.

30. Defendants have failed to comply, during the relevant liability periods, with Labor Code section 1198.5 by failing to make the contents of personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee available for inspection within 30 calendar days from the date of a written request, as required by Labor Code section 1198.5.

31. Defendants have failed to reimburse Plaintiff and similarly situated employees, during the relevant liability periods, as required under Labor Code section 2802 for business expenses in furtherance of their work duties, including but not limited to mileage and cell phone usage, in violation of, among other authorities, Labor Code section 2802.

32. Plaintiff and other similarly situated employees or former employees at all times pertinent hereto were not exempt from the payment of overtime wages, minimum wages, payment of premium wages for missed rest periods, waiting time penalties, wage statement penalties, being permitted to inspect documents requested by employees under Labor Code sections 226 and1198.5, reimbursement for expenses incurred in furtherance of job duties, being paid all gratuities left to them without sharing them with Defendants or their agents, and other such provisions ofCalifornia law, and the implementing rules and regulations of the IWC California Wage Orders.

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and all others similarly situated, as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

34. Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

35. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

36. The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over one hundred (100) Class Members employed by Defendants within the State of California.

37. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

///

///

///

///

B. **Commonality**

38. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

(a) Did Defendants violate Labor Code sections 510, 1194, and 1197 by failing to adequately track, and therefore adequately pay, wages for time worked by Class Members?

(b) Did Defendants violate Labor Code sections 510, 1194, and 1197 by editing and/or manipulating Class Members' time entries to show lesser hours than actually worked during a pay period?

(c) Did Defendants violate Labor Code sections 510, 1194 and 1197 by recharacterizing overtime hours worked to appear that they worked at a different time or pay period to avoid payment of overtime wages?

(d) Did Defendants violate Labor Code sections 510, 1194, and 1197 by requiring that employees work off-the-clock?

(e) Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to provide reporting time pay?

(f) Did Defendants violate Labor Code sections 510, 1194, and 1197 by failing to pay employees for all hours worked during training?

(g) Are Class Members entitled to liquidated damages under Labor Code section 1194.2 for Defendants' failure to pay minimum wages for all hours worked?

(h) Did Defendants violate Labor Code section 512 by not providing Class Members with compliant meal periods?

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

(i) Did Defendants violate Labor Code section 226. 7 by not providing Class Members with additional wages for missed or interrupted meal periods?

(j) Did Defendants violate Labor Code section 512 by not providing Class Members with rest periods?

(k) Did Defendants violate Labor Code section 226. 7 by not providing Class Members with additional wages for missed or interrupted rest periods?

(l) Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

(m) Are Defendants liable to Class Members for penalty wages under Labor Code section 203?

(n) Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

(o) Are Defendants liable to Class Members for penalties under Labor Code section 226, subdivision (f)?

(p) Are Defendants liable to Class Members for penalties under Labor Code section 1198.5, subdivision (k)?

(q) Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, et seq., by their unlawful practices as alleged herein?

(r) Did Defendants properly pay sick time pay?

(s) Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

(t) Are Class Members entitled to costs and attorneys' fees?

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

**C. Typicality**

39. The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D. Adequacy of Representation**

40. Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E. Superiority of Class Action**

41. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' illegal policy and/or practices, including, without limitation, failing to pay overtime wages, minimum wages; failing to provide meal and rest breaks or compensation in lieu thereof; failing to provide accurate wage statements; failing to pay all wages due upon termination and/or resignation; failing to timely permit inspection of complete records under Labor Code sections 226 and 1198.5; failing to reimburse employees for expenses incurred in furtherance of job duties; and failing to pay over all gratuities left for Class Members to those Class Members.

42. Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that nwould preclude its maintenance as a class action.

## PAGA ALLEGATIONS

43. This is a representative action, pursuant to the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, et seq. ("PAGA"), against Defendants, and any of their respective subsidiaries or affiliated companies within the State of California, and individual owners, as a proxy of the Labor and Workforce Development Agency of the State of California ("LWDA"), on behalf of Plaintiff and all other current and former non-exempt employees of Defendants working within the Civil Penalty Period, as further defined herein, and, as it pertains to the alleged claims for failure to comply with Labor Code section 2810.5, Labor Code section 2802, restraints on competition, whistleblowing and freedom of speech on behalf of all employees of Defendants working within the Civil Penalty Period (collectively, "Aggrieved Employees").

Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10. Venue is proper in San Bernardino County, California, pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, San Bernardino County is where the causes of action complained of herein arose and the county in which the employment relationship began.

44. Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover civil penalties, as the term "civil penalty" is defined under *ZB N.A. v. Superior Court* (2019) 8 Cal.5th 175, under the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, et seq. ("PAGA") plus reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former employees of Defendants during the Civil Penalty Period.

Specifically, Plaintiff seeks to recover PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court. Class certification of the PAGA allegations described herein is not required.

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

45. During the period beginning one (1) year preceding the provision of notice to the LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"), Defendants violated, inter alia, Labor Code sections 96, 98.6, 200, 201, 202, 203, 204, 210, 226, 226.3, 227.3, 232, 232.5, 246, et seq., 432, 510, 512, 558, 1102.5, 1174, 1174.5, 1194, 1197, 1197.1, 1197.5, 1198.5, 2699, 2802, and 2810.5, among others.

46. Labor Code section 2699, subdivisions (a) and (g), authorizes aggrieved employees such as Plaintiff, on behalf of Plaintiff and all other aggrieved current and former employees within the statutory period, to bring a civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3.

47. On or around October 3, 2025, Plaintiff provided written notice pursuant to Labor Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants' violation of various, including the herein-described, provisions of the Labor Code, to the LWDA, as well as by certified mail, with return receipt requested, to Defendants and each of them.

48. Pursuant to Labor Code section 2699.3, subdivision (a)(2)(A), the LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the postmarked date of the herein-described notice sent by Plaintiff to the LWDA and Defendants.

## PAGA REPRESENTATIVE ALLEGATIONS

49. At all relevant times mentioned herein, Defendants have had a policy or practice of failing to pay overtime wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Plaintiff and similarly situated employees routinely working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days on a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things,

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying overtime hours at the improper rate(s) of pay and/or recharacterizing overtime hours worked to appear that they worked at a different time or pay period; by failing to pay the proper overtime rate; by failing to pay for reporting time pay; and/or by manipulating or editing time records to show lesser hours than actually worked during the pay period, to the detriment of Plaintiff and other aggrieved employees.

50. At all relevant times mentioned herein, Defendants have had a policy or practice of failing to pay minimum wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, among other things, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock; failing to pay for reporting time pay; and/or by manipulating or editing time records to show lesser hours than actually worked during the pay period, to the detriment of Plaintiffs and other similarly situated employees.

51. At all relevant times mentioned herein, Defendants have had a policy or practice of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute, uninterrupted meal period for days on which the employees worked more than five (5) hours in a work day, and a second thirty (30) minute uninterrupted meal period for days on which employees worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

52. At all relevant times mentioned herein, Defendants have had a policy or practice of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten(10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

53. At all relevant times mentioned herein, Defendants failed to pay Plaintiff and other similarly situated employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202 as a result of their failure to pay overtime wages as herein mentioned.

54. At all relevant times mentioned herein, Defendants have had a policy or practice of failing to furnish Plaintiffs and similarly situated employees within the State of California with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

55. At all relevant times mentioned herein, Defendants had and have a policy or practice of, upon written request to inspect or receive copies of records pursuant to Labor Code section 226, subdivision (b), pertaining to a current or former employee, complying with the request within 21 days from the date thereof.

56. At all relevant times mentioned herein, Defendants had and have a policy or practice of making the contents of personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee available for inspection within 30 calendar days from the date of a written request, as required by Labor Code section 1198.5.

57. At all relevant times mentioned herein, Defendants have had a consistent policy of failing to indemnify Plaintiff and other similarly situated employees or former employees within the State of California for business expenses incurred in furtherance of their work duties, in violation of, among other authorities, Labor Code section 2802.

58. Plaintiff, on behalf of herself, and all other aggrieved employees, seeks civil penalties under, but not limited to, Labor Code sections 98.6, 200, 201, 202, 203,

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

204, 210, 226, 226.3, 226.7, 227.3, 246, 510, 512, 558, 1102.5, 1174, 1194, 1197, 1197.1, 1198.5, 1199, 2802, and 2699, for the herein-described acts, which violate the California Labor Code as described above, including on behalf of Plaintiff and other Aggrieved Employees pursuant to PAGA.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages - Against All Defendants)**

59. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereto.

60. At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for anemployee."

61. At all times relevant to this Complaint, Labor Code section 510 further provided that "[ a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less thantwice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

62. At all times mentioned, based on information and belief, Plaintiff and Class Members, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock, failing to pay overtime hours at the proper overtime rate of pay, including, without limitation, by paying overtime hours at the improper rate(s) of pay and/or recharacterizing overtime hours worked to appear that they worked at a different time or pay period; by failing to pay for reporting time pay;

and/or by manipulating or editing time records to show lesser hours than actually worked during the pay period, by Plaintiff and other similarly situated employees in the State of California. Accordingly, by requiring Plaintiff and Class Members to work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

63. During Plaintiff's employment with Defendant, Plaintiff believes that Defendant did not properly compensate Plaintiff for all hours she spent working which resulted in believed overtime violations. Through discovery, Plaintiff believes time and payroll records will evidence the failure of Defendant to properly pay Plaintiff and other Class Members for all hours worked. Furthermore, based on information and belief, Defendant did not make adjustments to regular rate of pay, overtime, meal premiums, and sick pay to account for remunerations received by hourly employees in violation of the Labor Code. This also resulted in overtime violations.

64. As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to LaborCode section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## <u>SECOND CAUSE OF ACTION</u>

**(Failure to Pay Minimum Wages-Against All Defendants)**

65. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereto.

66. At all relevant times, Plaintiff and Class Members were employees of Defendants covered by Labor Code section 1197 and applicable Wage Orders.

67. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

68. Defendants failed to pay Plaintiff and Class Members minimum wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked; engaging, suffering, or permitting employees to work off the clock (including by requiring or permitting employees to perform compensable work during unpaid, interrupted, late or missed meal and rest periods, requiring employees to be on-call and failing to pay for all hours worked during training); failing to pay for reporting time pay; and/or by manipulating or editing time records to show lesser hours than actually worked during the pay period by Plaintiff and other similarly situated employees in the State of California.

69. Plaintiff was employed by Defendants as a non-exempt, hourly customer service representative from on or about January 21, 2025 through September 24, 2025, and was paid at a regular rate of $23.50 per hour for a full-time schedule of approximately forty (40) hours per week. At all relevant times, the applicable minimum wage under Labor Code sections 1182.12 and 1197 and the applicable IWC Wage Order was the California minimum wage then in effect. Under California law, an employee must be paid at least the applicable minimum wage for each hour worked. Because Defendants were chronically understaffed and Plaintiff handled a heavy and continuous call volume, and because Defendants maintained a policy under which only one customer service representative could be relieved for a meal or rest period at a time, Plaintiff regularly performed compensable work during her meal periods, during her rest periods, and before and after her recorded shift times — including answering customer calls, completing customer-service tasks, and remaining on duty during purportedly off-duty breaks — for which Defendants neither recorded nor paid any wages whatsoever. For each such hour and fraction of

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

an hour that Plaintiff worked without receiving any compensation, Plaintiff was paid less than the applicable minimum wage for that time. By way of example, and on information and belief, during at least one workweek during her employment with Defendant,— including a representative full workweek in which Plaintiff worked five shifts — Plaintiff performed no fewer than approximately thirty (30) to sixty (60) minutes of unrecorded and uncompensated work across interrupted, late, and missed meal and rest periods and pre- and post-shift tasks, such that Defendant did not properly compensate Plaintiff her compensation for all those hours she spent working, therefore amounting to applicable minimum wage violations. Defendants' own time and payroll records, which are within their exclusive possession and control, will evidence further underpayment for Plaintiff and other Class Members for all hours worked. Furthermore, based on information and belief, Defendant did not make adjustments to regular rate of pay, overtime, meal premiums, and sick pay to account for remunerations received by hourly employees in violation of the Labor Code. This also resulted in minimum wage violations. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours and minutes worked or otherwise due..

70. Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

**THIRD CAUSE OF ACTION**

**(Failure to Provide Meal Periods - Against All Defendants)**

71. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereto.

72. Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

73. Pursuant to Labor Code section 226. 7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

74. Plaintiff and Class Members were during the relevant time period, not provided with requisite uninterrupted meal periods as contemplated under the law. Throughout Plaintiff's employment with Defendant, she along with other class members, regularly were not provided timely meal breaks within five hours of working their shift. Plaintiff contends that the workforce was understaffed and the workflow did not permit timely meal breaks. Plaintiff, as a customer service representative, had a heavy call volume and regularly took late lunches. Furthermore, Plaintiff's understanding of the meal policy was that only one customer service representative at a time could take meal breaks which resulted in short and late meal periods. Additionally, Plaintiff's meal breaks would often get interrupted by management for work related questions and tasks. Based on information and belief, Plaintiff and other class members were not compensated meal period premiums. Plaintiff believes that through discovery, time and payroll records will establish the regular meal violations.

75. By their failure to provide Plaintiff and Class Members with the meal periods contemplated by Labor Code section 512, among other California authorities, and failing to provide compensation for such unprovided meal periods, as alleged above,

Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

76. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted and/or incomplete meal periods.

77. Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for missed meal periods, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226. 7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

**FOURTH CAUSE OF ACTION**

**(Failure to Provide Rest Periods - Against All Defendants)**

78. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereto.

79. California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 1/2) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

80. Pursuant to Labor Code section 226. 7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided. Throughout Plaintiff's employment with

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

Defendant, she along with other class members, regularly were not two ten minute rest breaks during their shift. Plaintiff contends that the workforce was understaffed and the workflow did not permit regular rest breaks. Plaintiff, as a customer service representative, had a heavy call volume and was rarely afforded the opportunity to take a rest break. When Plaintiff was afforded the opportunity to take a rest break, it typically was only a single rest break during her shift. Based on information and belief, Plaintiff and other class members were not compensated rest period premiums. Plaintiff believes that through discovery, time and payroll records, in addition to witness testimony will establish the regular rest break violations.

81. By their failure to provide Plaintiff and Class Members with the rest periods contemplated by California law, and failure to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226. 7 and applicable Wage Orders.

82. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed rest periods.

83. Pursuant to Labor Code section 226.7, Code of Civil Procedure section 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of their premium pay for unprovided rest periods, interest and penalties thereon, and costs of suit.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination -Against All Defendants)**

84. Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereto.

85. At all relevant times, Plaintiff and Class Members were employees of Defendants covered by Labor Code sections 201 and 202.

86. Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members



ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours' previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

87. Plaintiff is informed and believes, and based thereon alleges, that Defendants, due to the failure to provide overtime and minimum wages mentioned above, failed to pay Plaintiff and Class Members all wages earned and unpaid, including overtime wages and minimum wages, prior to resignation or termination in accordance with Labor Code sections 201 or 202.

88. Defendants' failure to pay Plaintiff and Class Members all wages earned prior to termination in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202.

89. Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members are entitled to all wages earned prior to termination that Defendants failed to pay them.

90. Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of thirty (30) days.

91. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

92. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code section 203.

93. Pursuant to Labor Code sections 203, 218 and 218.5, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of their unpaid wages, and penalty wages under Labor Code section 203, reasonable attorneys' fees on their unpaid wages, and costs of suit.

94. Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover waiting time penalties, interest, and other costs of suit on the waiting time penalties, as well.

**SIXTH CAUSE OF ACTION**

**(Failure to Provide Accurate Wage Statements -Against All Defendants)**

95. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereto.

96. At all relevant times, Plaintiff and Class Members were employees of Defendants covered by Labor Code section 226.

97. Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer.

98. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendants, due to the failure to pay due wages for the reasons described herein, also failed to issue wage statements that accurately set out amounts due to,

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

among other things, gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer.

99. Thus, Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements in accordance with Labor Code section 226, subdivision (a).

100. Defendants' failure to provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiff and Class Members with accurate wage statements, but willfully provided wage statements that Defendants knew were not accurate.

101. As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies.

102. Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

103. Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

///

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## SEVENTH CAUSE OF ACTION

**(Unfair Competition - Against All Defendants)**

104. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereto.

105. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

106. As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property. Plaintiff and Class Members have been deprived of overtime compensation; minimum wage compensation; provision of meal breaks or compensation in lieu thereof; provision of rest breaks or compensation in lieu thereof; provision of all wages upon termination or resignation; from being provided with accurate wage statements; inspection of complete sets of documents to which they are entitled under Labor Code sections 226 and 1198.5; reimbursement for costs incurred in furtherance of job duties; and from receipt of gratuities left to them, among other things.

107. Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code. Plaintiff seeks restitution and other equitable relief under the Unfair Competition Law in the alternative to, and as relief distinct from, the legal damages and statutory penalties sought under her Labor Code causes of action.

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

The legal remedies available to Plaintiff and Class Members are not equally certain, complete, prompt, or efficient as the restitution available under the Unfair Competition Law: restitution reaches money in which Plaintiff and Class Members hold a vested property interest — namely, wages that, once earned, became their property — that Defendants unlawfully withheld and retained, and the recovery of that property in equity does not depend on Plaintiff's ability to establish every element of, or to obtain a complete recovery under, a legal damages claim for the same conduct. To the extent Plaintiff's legal remedies prove inadequate, incomplete, or are unavailable to make Plaintiff and Class Members whole for Defendants' retention of their property, restitution and disgorgement under the Unfair Competition Law are necessary to prevent Defendants' unjust enrichment

108. Plaintiff and Class Members are also entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

**EIGHTH CAUSE OF ACTION**

**(Civil Penalties Under Labor Code Section 2699 (PAGA))**

**(Against All Defendants and Does)**

109. Plaintiff re-alleges and incorporates by reference into this cause of action all allegations set forth above.

110. Plaintiff is an aggrieved employee under the Private Attorneys General Act ("PAGA"), as she suffered one or more Labor Code violations set forth in this Complaint and identified in Labor Code section 2699.5. She brings this claim on behalf of herself and other workers working for Defendants to recover civil penalties provided by PAGA and reasonable attorneys' fees and costs.

111. Defendants committed against aggrieved employees violations of the Labor Code, including but not limited to violations of Sections 98.6, 200, 201, 202, 203, 204, 210, 226, 226.3, 226.7, 227.3, 246, 510, 512, 558, 1102.5, 1174, 1194, 1197, 1197.1, 1198.5, 1199, 2802, and 2699, among others. Further, Defendants committed violations of Labor Code section 1102.5 against Plaintiff, as alleged above. Section

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

1102.5(c) provides that "an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Moreover, Labor Code section 1102.5(d) provides that "an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised their rights under subdivision (a), (b), or (c) in any former employment."

112. On or about October 3, 2025, Plaintiff filed a claim with the Labor and Workforce Development Agency ("LWDA") and provided proper notice by certified mail to the LWDA and Defendants in accordance with Labor Code section 2699.3 (the "PAGA Notice"). Over 65 calendar days have elapsed since the postmark date of the PAGA Notice, and Plaintiff has not received a notice from the LWDA of the LWDA's intention to investigate Defendants' alleged violations.

113. As a result of the above violations, Plaintiff seeks all civil penalties owed, reasonable attorneys' fees, and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs pray for
judgment against Defendants as follows:

a. An order certifying this case as a Class Action;
b. An Order appointing Plaintiff as Class Representatives and appointing Plaintiff's counsel as class counsel;
c. Damages for all wages earned and owed, including minimum and overtime wages under Labor Code sections 510, 558.1, 1194, 1197 and 1199;
d. Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;
e. Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1, and 226.7;

f. Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1, and 226.7;

g. Waiting time penalties under Labor Code sections 203 and 558.1;

h. Penalties for failure to timely permit inspection of documents under Labor Code sections 226, 1198.5 and 558.1;

i. Reimbursement for costs incurred in furtherance of work duties under Labor Code sections 558.1 and 2802;

j. Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

k. Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

l. Prejudgment and post-judgment interest at the maximum rate allowed by law;

m. Prejudgment and post-judgment interest at the maximum rate allowed by law;

n. That Defendant and Does 1-30 are found to have violated the FEHA and California Government Code section 12940 et seq. as to Plaintiff;

o. For general damages in a sum according to proof;

p. For special damages in a sum according to proof;

q. For compensatory damages;

r. An award of reasonable attorneys' fees and costs to the extent permitted by law under California Government Code § 12965(b), Fair Employment Housing Act and any other relevant provision under California law that provides for attorneys' fees;

s. For punitive and exemplary damages;

t. For civil penalties under PAGA;

u. For costs of suit incurred herein; and

v. For such other and further relief as the Court deems just and proper.

///

ROBINSON DI LANDO
A Professional Law Corporation
Los Angeles, California

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all causes of action alleged.

DATED: September 25, 2026

**ROBINSON DI LANDO**
A Professional Law Corporation

By: ______________________________

Michael C. Robinson
Orion Robinson

Attorneys for Plaintiffs

**ROBINSON DI LANDO**
A Professional Law Corporation
Los Angeles, California